UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ROBERT WARD
    Plaintiff,

v.                                     No. 1:12-0171
                                      JUDGE HAYNES
STATE OF TENNESSEE, et al.
    Defendants.

## MEMORANDUM

Plaintiff, Robert Ward, an inmate at the Hardeman County Correctional Complex in Whiteville, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: the State of Tennessee; Corrections Corporation of America; Arvil Chapman, Warden of the South Central Correctional Center ("SCCC"); and two members of the SCCC staff. Plaintiff seeks declaratory, injunctive and monetary relief arising out of his fall at the SCCC infirmary.

According to his complaint, on December 13, 2011, Plaintiff fell on a "buckled broken sidewalk" in the dark at the South Central Correctional Center. As a result of the fall, Plaintiff injured his right knee and was admitted to the prison infirmary. After an x-ray of his knee, Plaintiff was provided crutches and released from the infirmary. Plaintiff's knee, however, continued to swell and Plaintiff was readmitted to the infirmary. After further treatment and x-ray, a M.R.I. and medication for the pain, Plaintiff received a knee brace.

Plaintiff alleges that other inmates have fallen on this sidewalk and were injured. This sidewalk was finally repaired in mid May, 2012. Plaintiff alleges that the Defendants were aware of

the danger posed by the damaged sidewalk but acted with deliberate indifference in ignoring the danger. Plaintiff alleges the Defendants' failure to repair the sidewalk violates his constitutional rights.

To state a claim for § 1983 relief, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981).

Here, Plaintiff's injury sounds in negligence that is not actionable under § 1983 for failure to rise to a constitutional deprivation, Estelle v. Gamble, 429 U.S. 97, 106 (1976), under the Eighth or Fourteenth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986) (Eighth Amendment); Daniels v. Williams, 474 U.S. 327 (1986) (Fourteenth Amendment). Thus, the Court concludes that Plaintiff's complaint fails to state a claim upon which relief can be awarded under Section 1983.

Absent a constitutional violation, the Court must dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

WILLIAM J. HAYNES, JR.
Chief District Judge
11-28-12